**In re William V. PITTMAN, Debtor.**

No. 12–57805.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Signed March 10, 2014.

**6.** The provisions of the Order Setting Deadlines (Doc. # 21) remain in full force and

effect.

Pamela Arndt, Columbus, OH, for U.S. Trustee.

Matthew J. Thompson, Nobile & Thompson Co., L.P.A., Hilliard, OH, for Debtor.

### ORDER GRANTING UNITED STATE TRUSTEE'S MOTION TO DISMISS (DOC. NO. 13)

CHARLES M. CALDWELL, Chief Judge.

This matter is before the Court on the United States Trustee's ("UST") Motion to

Dismiss the above-captioned case pursuant to Section 707(b)(3) of the United States Bankruptcy Code ("Code"). The UST claims that the Debtor has sufficient net monthly income to pay his debts such that a Chapter 7 discharge would constitute abuse. Debtor disputes the UST's calculations of his net monthly income, claims his income is too low, and that he cannot sustain Chapter 13 plan payments. Based on the evidence, including credibility assessments, the Court finds and concludes that the Debtor has sufficient net monthly income to pay a meaningful percentage of his debts, and that a discharge under Chapter 7 would constitute abuse. The Court's reasoning and decision follow.

On September 10, 2012, the Debtor filed this Chapter 7 case. In his schedules, Debtor reported, along with his non-filing spouse, combined average monthly income of $5,084.23 and combined average monthly expenses of $5,063.04, resulting in monthly net income of $21.19. The Debtor scheduled $111,520.00 in secured debt, $2,600.00 in priority unsecured debt, and $23,203.82 in unsecured non-priority debt. At the time of the bankruptcy filing, the Debtor painted automobiles for the same employer for the last thirteen years. His non-filing spouse worked as an administrative assistant for a medical supply company, with 7 years of experience. No minor dependents were scheduled.

Next, on December 17, 2012, the UST filed a motion seeking dismissal of Debtor's petition on the basis that he has the ability to repay his creditors from current net monthly income. The UST disputed several calculations Debtor made in deriving monthly household income:

- The UST disagreed with Debtor's monthly 401(k) contributions and loan repayment on Schedule I. The UST argued that due to the Sixth Circuit *Seafort*[1] case, these amounts were not permissible expenses when calculating whether Debtor can pay his debts;

- The UST lowered the amount of a tax repayment expense from $216 to $45 on the basis that repayment in a Chapter 13 plan is over a 60–month period; and

- The UST omitted Debtor's stated expenditures on Schedule J for life and disability insurance in the amounts of $200 and $230.04, respectively, on the bases that these amounts were already deducted from Debtor's pay On Schedule I.

Based on these adjustments, the UST concluded that Debtor's net monthly income was actually $816.00, which would pay all creditors in full within 60 months. Under these circumstances, the UST asserted this case was subject to dismissal as an abusive filing, or in the alternative, the Debtor should convert the case to Chapter 13.

On December 18, 2012, Debtor amended Schedule J to report increased medical expenses ($90.00 to $165.00), along with higher personal expenses due to his non-filing spouse's purchase of a new car ($596.00). On the amended Schedule J, Debtor reported $20.23 in revised monthly net income that is slightly lower than the amount originally scheduled ($21.19). The Debtor filed a response to the UST's motion on December 31, 2012, asserting that he would provide additional financial information to the UST, and that a pretrial conference would facilitate resolution of the dispute. To this end, the UST deposed the Debtor on April 15, 2013, and the Court conducted three pretrial conferences on February 13, 2013, April 24, 2013

---

1. *Seafort v. Burden (In re Seafort),* 669 F.3d 662, 674 (6th Cir.2012).

and June 26, 2013. The dispute was finally set for trial on July 11, 2013.

Approximately two months later on September 27, 2013, a trial on the merits commenced. First, Mr. Erik Van Bramer, Paralegal Specialist with the office of the UST, testified that after the April 15, 2013 deposition of Debtor, the UST adjusted its original analysis of the Debtor's monthly income and expenses. As a result, the UST's calculations increased Debtor's estimated monthly net income from $816.00 to $1,169.00. The adjustments included:

- The UST increased Debtor's income from $8,085.09 to $9,020.46 on the basis that Debtor's year to date and monthly average income was higher; The UST decreased Debtor and his spouse's payroll deductions and taxes of $1,022.45 and $726.77 to $337.96 and $107.46, respectively, on the basis actual taxes paid were less than estimated;
- The UST again discounted Debtor's 401(k) loan repayment and contributions based upon the *Seafort* decision detailed above; and
- The UST decreased Debtor's $275.00 (Gas/Electric) and $270.00 (Water/Sewer) utility expenses to $95.00 and $200.00, respectively, on the basis that the Debtor's actual costs have been less than the budgeted amounts.

In response, the Debtor testified that he did not believe he had the disposable income to support a multi-year Chapter 13 plan because recent medical treatments have led to increased medical bills, that his health problems have negatively affected his job performance and income, and that he planned to retire within two years. Based on the objection of the UST that the Debtor failed to timely exchange supporting documents, the Court excluded information brought to trial, in compliance with the trial scheduling order. Specifically, Counsel for the Debtor did not exchange the documents until three days prior to the trial, while the UST's documents were timely provided to Debtor's Counsel thirteen days prior to trial. As expressed during trial, the timely exchange of information enables counsel and all parties to prepare, which in turn produces a comprehensive record that aids the Court in preparing its decision.

■ Turning to the legal issues, Section 707(b) of the Code provides for the dismissal of Chapter 7 cases or conversion to Chapter 13, if the Court finds abuse. The UST must prove its case by a preponderance of the evidence. *In re Tucker,* 389 B.R. 535, 538 (Bankr.N.D.Ohio 2008). In this case, the UST does not claim that there is a presumption of abuse under section 707(b)(2)(A)(i), and instead argues that the totality of the circumstances, including the Debtor's ability to repay creditors a significant amount, requires dismissal. *In re Phillips,* 417 B.R. 30, 44 (Bankr. S.D.Ohio 2009) (holding that an unsecured dividend of 30% represented a "meaningful distribution" to creditors); *In re Zuccarell,* 373 B.R. 508, 510–14 (Bankr.N.D.Ohio 2007). The totality of the circumstances includes reviewing debtors' pre- and post-petition financial circumstances. *In re Goble,* 401 B.R. 261, 276 (Bankr.S.D.Ohio 2009).

■ As discussed earlier, the UST provided evidence that Debtor may have between $1,169.00 and $816.00, in net monthly income. In addition, Mr. Van Bramer testified that even a $100.00 per month payment over a 60–month Chapter 13 plan, would provide creditors a potential 24% recovery. The Debtor challenges these assertions on primarily three bases.

■ First, Debtor argues for the exclusion of 401(k) repayments and contributions from his monthly net income. How-

ever, the Sixth Circuit held that upon payment of a 401(k) loan during a Chapter 13 plan, the funds that become available constitute disposable income for inclusion in a Chapter 13 repayment plan. *Seafort,* 669 F.3d at 666–74.

■ Second, Debtor claims that the UST's analysis underestimated his future tax liability. Debtor testified that because the tax withholdings from his disability checks were not sufficient, his monthly income calculations must reflect taxes he will have to pay on that income once he returned to work. Debtor testified that because of similar disability absences from his employment in the past, he has had similar tax bills, but could not recall the dates or amounts. However, Debtor's 2012 federal tax return showed a modest refund of $311.00

Third, Debtor also argued that the UST's income analysis did not properly account for expected, future changes in Debtor's income as an auto body painter. For example, Debtor testified that his shoulder complications have a negative effect on his income, that the need for future surgeries will increase his future medical expenses, and that he plans to retire when he turns 66. However, the Debtor failed to provide any corroborating testimony or written documentation from any health care providers.

A review of the evidence presented at the trial demonstrates that the UST met its burden of proof by a preponderance of the evidence that granting Debtor a Chapter 7 discharge would constitute abuse, under the totality of the circumstances. For these reasons, the Court **GRANTS** the UST's motion to dismiss. **IT FURTHER ORDERED** that Debtor has 30 days from the entry date of this Order to convert to a Chapter 13 proceeding. If Debtor fails to

act within that time, the Court will dismiss this case without further notice or hearing.

**IT IS SO ORDERED.**